UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MCKINLEY CUTHBERT, III  :
1117 Glossy Ibis Drive  :
Conway, SC 29526  :
                Plaintiff,  :
    v.  :
  :
NEW JERSEY TRANSIT  :
RAIL OPERATIONS, INC.  :
One Penn Plaza East  :
Newark, NJ 07105;  :
                Defendants.  :
  :

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1. Plaintiff, McKinley Cuthbert, III, is an adult individual residing in West Orange, New Jersey and is an employee of Defendant, New Jersey Transit Rail Operations, Inc.

2. Defendant, New Jersey Transit Rail Operations, Inc., ("NJT") is and was at all times material hereto a corporation duly organized and existing under by virtue of law and was engaged in owning and operating railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through, and between various and several states of the United States and doing business in New Jersey.

3. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler

Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq., and general negligence laws.

4.  On or about January 30, 2013, in the course and scope of his employment with NJT, Plaintiff was caused to sustain severe personal injuries when a NJT train upon which he was working struck a vehicle at a railroad crossing owned and maintained by NJT, in Little Falls, New Jersey.

## COUNT I - FEDERAL EMPLOYERS LIABILITY ACT

### PLAINTIFF v. NJT

5.  Plaintiff incorporates by reference paragraphs 1 through 4 as if the same were herein set forth at length.

6.  Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of NJT, by and through its agents, servants and/or employees and/or ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

   a.  failing to use ordinary care to furnish Plaintiff with a reasonable safe place to work and perform the duties of his employment by failing to maintain the subject train, crossing, and/or track in a reasonable safe condition;

   b.  failing to use ordinary care to furnish Plaintiff with a reasonable safe place to work and to perform the duties of his employment by requiring Plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

   c.  failing to warn Plaintiff of the dangerous and/or hazardous condition of the work

area, including, but not limited to, the subject train, crossing, and/or track, which were made unsafe due to the presence of a dangerous condition;

d. failing to remedy and/or correct the defective, dangerous, and/or hazardous conditions of the subject train, crossing, and/or track, as described above, when NJT knew or should have known that said conditions existed;

e. failing to use ordinary care to service and/or maintain the subject train, crossing, and/or track in a reasonable safe condition;

f. failing to use ordinary care to properly inspect the subject train, crossing, and/or track to ensure that same was in a reasonable safe condition;

g. failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the safety of the workplace, particularly as it pertains to the existence and presence of such hazards;

h. failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the train, crossing, and/or track as more fully described above;

i. failing to provide Plaintiff with a reasonably safe place to perform his job duties in the immediate presence of a dangerous condition which posed an unreasonable risk of harm to Plaintiff;

j. failing to properly prevent a vehicle from fouling the track at issue;

k. failing to operate the train properly;

l. failing to warn the plaintiff that a collision was imminent;

m. failing to maintain the subject train, crossing, and/or track so that they were free from

the presence of a dangerous condition; and

n.  failing to maintain the subject train, crossing, and/or track so that they were free from the prospect of a collision.

7. As a direct and proximate result of the negligence, carelessness, and/or unlawful conduct of NJT, more fully described above, Plaintiff was caused to suffer severe and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of any other personal injuries he may have sustained, Plaintiff suffered injuries to his back and neck, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of NJT, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restriction of his usual activities, pursuits and pleasures.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of NJT, as more fully set forth above, Plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

10. The injuries sustained by Plaintiff were proximately caused by the negligence of NJT, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the Plaintiff.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of $150,000.00 as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated: 2/6/15

BARISH♦ROSENTHAL

By: _____
ANTHONY M. DIGIULIO, ESQUIRE
Attorney for Plaintiff